In the Matter of H. Lee Blumberg, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, December 2, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Joseph W. Ryan, Jr.,* for respondent.

Per Curiam.

In this proceeding the Special Referee sustained Charges One, Two, Three, Four, Five and Eight. Charges Six and Seven were withdrawn by the petitioner prior to the hearing. The petitioner moves to confirm the report of the Special Referee and the respondent moves to disaffirm the report.

After reviewing all of the evidence, including a stipulation of facts entered into by the parties, we are in agreement with the report of the Special Referee to the extent that it sustained Charges Two, Three and Eight.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud and deceit and conduct adversely reflecting on his fitness to practice law, revealed a confidence or secret of his client, and used a confidence or secret of his client to his client's disadvantage. The facts, pursuant to the stipulation, are as follows: In or about September 1985, the respondent's firm was retained by a grandmother who was seeking legal guardianship of her granddaughter so that the child could be enrolled at a certain elementary school. The grandmother paid $250 of the agreed upon fee of $750, and agreed to pay the balance in monthly installments of $50 commencing no later than October 1985. Based upon the representation of the respondent's partner that a guardianship proceeding was under way, the child was enrolled in the elementary school. As of October 24, 1985, the grandmother had made no further payments towards the legal fee. At that time and at the respondent's request, she executed a confession of judgment in the amount of $500. Thereafter, on February 27, 1986, the respondent advised his client that unless she agreed to pay the $500 balance in full, he would not continue the guardianship proceeding and he would so advise the school officials. He so advised the school on March 31, 1986, explaining that his client had been uncooperative. Thereafter, on April 4, 1986, the respondent filed the confession of judgment. On April 14, 1986, he had a restraining notice in the amount of $607.45 served on his client's bank. The restraining notice was vacated and the respondent issued a satisfaction of judgment on or about May 15, 1986, after receiving $608.60 from his client. The respondent subsequently requested additional moneys from his client in order to file the papers for her case. He told her that the moneys she had already paid had been consumed in his efforts to

collect his fee. The respondent took no further action on the case.

Charge Three alleged that the respondent engaged in conduct which adversely reflected on his fitness to practice law. The facts, pursuant to the stipulation, are as follows: In or about 1985, the respondent was retained to prepare a will. On or about May 22, 1986, the respondent sent his client a draft of the will and asked her to come to his office to execute the will "at [her] early convenience". He also enclosed a bill for $150. On or about August 7, 1986, the respondent, not having received a response from his client, commenced an action to recover his fee. He agreed on October 30, 1986, to accept $75 in full satisfaction if it was paid promptly. However, on or about November 27, 1986, not having heard further from his client, the respondent had a summons and complaint served upon his client to collect the entire $150 fee. Although the client sent the respondent a check for $75 on or about December 3, 1986, the respondent entered a default judgment against his client on or about January 14, 1987 and caused a restraining notice to be served on her bank. The respondent subsequently received a check in the amount of $123.74 from the Sheriff's department, which sum had been collected from the respondent's client.

Charge Eight alleged that the respondent engaged in conduct involving dishonesty, fraud and deceit and which adversely reflected on his fitness to practice law and failed to pay to his client funds in his possession which the client was entitled to receive. The facts, pursuant to the stipulation, are as follows: On or about June 3, 1986, the respondent was retained to represent a husband in a divorce action in which the trial had already been completed. The respondent was also retained to handle the sale of certain real property. A written retainer agreement dated June 11, 1986, provided for a fee of $7,500 for both matters. On August 27, 1986, following the sale of real property, the respondent sent his client a bill for an additional $3,250. At the closing, the respondent agreed to hold $765 in escrow pursuant to a possession agreement. After paying the purchasers $100 as their share of the escrow and a $265 court reporter's fee, the respondent's firm, on or about September 16, 1986, advised the client that the $400 escrow balance had been applied to the respondent's bill.

The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion is granted to the extent that it seeks to confirm so much of the report of the Special

Referee which sustained Charges Two, Three and Eight and is otherwise denied. The respondent's motion is denied to the extent that it seeks to disaffirm so much of the report which sustained Charges Two, Three and Eight, and is otherwise granted.

In determining an appropriate measure of discipline, we have taken into consideration the mitigation advanced by the respondent. Accordingly, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, KUNZEMAN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that the report sustains Charges Two, Three and Eight, and is otherwise denied; and it is further,

Ordered that the respondent's motion to disaffirm the report of the Special Referee is granted to the extent that the report sustains Charges One, Four and Five, and is otherwise denied; and it is further,

Ordered that the respondent, H. Lee Blumberg, is hereby censured for his professional misconduct.